UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLAND HOMELESS UNION, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 24-cv-08296-VC<br><br>**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

  The plaintiffs have filed a complaint alleging that the City has violated various provisions of state and federal law by initiating an encampment sweep, and they seek a temporary restraining order to halt that sweep. The application is denied for three independent reasons.

  First, there is no indication that the plaintiffs have given the City notice of this application. Although the plaintiffs are representing themselves, it's clear from their papers and the exhibits they've attached that they are receiving considerable assistance from attorneys. Those attorneys, if not the plaintiffs themselves, should know that they are required to provide notice to the opposing party when seeking a TRO.

  Second, in their application for a TRO, the plaintiffs appear to focus primarily on the argument that the City is violating a settlement agreement reached in *Miralle v. City of Oakland*, No. 18-6823. But the plaintiffs have not shown that they were party to that agreement, or that they are otherwise protected by the agreement.

  Third, to the extent that the plaintiffs are seeking a TRO based on something other than violation of the settlement agreement, they have not demonstrated that they are entitled to

emergency relief under the four *Winter* factors.[1]

**IT IS SO ORDERED.**

Dated: November 22, 2024

                                                                         VINCE CHHABRIA
                                                                         United States District Judge

---

[1] In a sua sponte related case notice issued earlier today, the Court expressed the view that the plaintiffs should have sought relief from Judge Gilliam. That statement appears to be wrong, because it appears that Judge Gilliam retained jurisdiction over the settlement for only a year. The Court had not noticed this provision of the settlement agreement before issuing its sua sponte related case notice.